THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
AUG 23 1971
PATRICIA J. HOWARD

IN RE AIR DISASTER AT SAN ANTONIO, VENEZUELA DOCKET NO. 72

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

On April 11, 1969, a DeHavilland U-1A aircraft owned and operated by the United States Army crashed near San Antonio, Venezuela. Of the six persons on board, three were killed and two were seriously injured. Actions have been brought by representatives of three persons receiving fatal injuries and by the two persons who were seriously injured.[1] The defendants are Dehavilland Aircraft of Canada, Ltd., the manufacturer of the aircraft, United Aircraft Corp., the manufacturer of the engines, and Spartan Aviation, Inc., which, under government contract, serviced the aircraft immediately prior to its crash.[2]

---

\* Judges John Minor Wisdom and Joseph S. Lord, III were unable to attend the hearing in this matter but, with the consent of all parties, have participated in this decision.

[1] We were advised at oral argument that the one crew member who received minor injuries had not commenced legal proceedings and was not expected to do so.

[2] Although we do not in any way pass on the merits of any of these law suits, it seems obvious from the hearing and pleadings filed with the Panel that Spartan is, at least for the present time, the principal defendant in this litigation.

- 2 -

There are at present four actions in three different districts.  (See Appendix A).  The action pending in the Central District of California was brought by four of the five plaintiffs and is against two of the three defendants, United Aircraft and Spartan, both of which are apparently amenable to service in California.[3/]  A single action on behalf of one of the decedents' estates was filed and is now pending in the Northern District of Oklahoma.   Spartan is the sole defendant in this action.  Counsel for the plaintiff advises that this action was filed in Oklahoma  rather than California  due to the fact that the shorter California statute of limitations had expired before the action could be brought.  There are two actions in the Eastern District of New York, one by the same four plaintiffs who brought the California action and the other on behalf of the estate of the decedent involved in the Oklahoma action.  All three defendants are named in these actions although personal jurisdiction over Spartan has not been obtained.  The reason for bringing these two actions in New York rather than in California or Oklahoma was simply because DeHavilland was not subject to jurisdiction in either of those two states.

---

[3/]  An identical action was brought by the same four plaintiffs against Spartan Aviation in the Northern District of Oklahoma. Counsel for the plaintiff advises that this was a "protective action" in the event that personal jurisdiction could not be obtained in California.  Having obtained jurisdiction over Spartan in California, the plaintiffs then successfully moved to dismiss the Oklahoma action without prejudice.

- 3 -

A motion was filed by Spartan to transfer the California
action to the Northern District of Oklahoma for coordinated
or consolidated pretrial proceedings under 28 U.S.C. §1407.
The two New York cases were included for consideration on the
initiative of the Panel.  Although only Spartan favors transfer
of these actions under Section 1407, all parties concede that
the actions involve common questions of fact.  And counsel for
the five plaintiffs quite candidly admitted at oral argument
that he would have brought all actions in the Central District
of California were it not for the problems relating to the
California statute of limitations and the limited personal
jurisdiction available as to DeHavilland.

Except for the fact that there were fewer victims,
we do not see how this litigation is any different from other
common disaster litigation.  There can be no doubt that all
of these actions involve common questions of fact relating
to the cause of the crash and, particularly as it concerns
Spartan, to the maintenance performed on the aircraft prior
to the crash.  We, however, cannot agree with the movant that
the Northern District of Oklahoma is the most appropriate
transferee forum.  In its moving papers, Spartan emphasized
the fact that its maintenance facilities were located in the
Tulsa, Oklahoma vicinity and that its personnel and records
relative to the servicing of this aircraft were there.  This

- 4 -

might have been a strong reason for transferring to the
Northern District of Oklahoma had it not been for the fact
that the maintenance operation was recently moved to a
Texas location.  While there still may be some former Spartan
employees in the Tulsa vicinity, they may be deposed in the
Northern District of Oklahoma regardless of which court is
selected for transfer.

Thus, the choice is seemingly limited to two opposite
ends of the country, Brooklyn, New York or Los Angeles,
California.  Neither would be inconvenient for the plaintiffs
as they brought actions in both districts or for United
Aircraft, which is a defendant in both districts.  On the
other hand, Los Angeles is undoubtedly inconvenient for
DeHavilland while Brooklyn would be as inconvenient for
Spartan.  Since the Central District of California is the
plaintiffs' preference (in spite of the fact that plaintiffs'
counsel is from New York City) and since the initial discovery
will undoubtedly focus on the aircraft's maintenance performed
by Spartan, we think that the Central District of California
is the preferable transferee district.

IT IS THEREFORE ORDERED that the actions listed on the
attached Schedule A which are pending in other districts
be and the same are hereby transferred to the United States
District Court for the Central District of Caifornia for
coordinated or consolidated pretrial proceedings under

- 5 -

28 U.S.C. §1407.  With the consent of that Court, these
actions are hereby assigned to the Honorable Robert J.
Kelleher for coordinated or consolidated pretrial proceedings
pursuant to 28 U.S.C. §1407.

DOCKET NO. 72                                    SCHEDULE A

### CENTRAL DISTRICT OF CALIFORNIA

John L. Morgan, etc. v. United Aircraft        Civil Action
    Corp., et al.                             No. 70-771-CC

### NORTHERN DISTRICT OF OKLAHOMA

Mary S. Moir, et al. v. Spartan Aviation,      Civil Action
    Inc.                                      No. 71-C-11

### EASTERN DISTRICT OF NEW YORK

John L. Morgan, etc. v. The DeHavilland A Civil Action
    Aircraft of Canada Ltd., et al.           No. 70 C 280

Roman F. Geller, Jr., etc. v. The              Civil Action
    DeHavilland Aircraft of Canada Ltd.,      No. 71 C 383
    et al.